IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMY JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-867-CV-W-HFS ) ) |
| PITNEY BOWES INC., and SPRINT NEXTEL CORPORATION, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the court is the motion of defendant, Pitney Bowes, Inc., to dismiss (doc. 9) pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service. Also, before the court is the motion of defendant, Sprint/Nextel Corporation, to dismiss for insufficiency of service (doc. 12). Any opposition to the motions was due on or before January 4, 2010, and January 7, 2010, respectively; to-date, plaintiff has failed to respond to either motion.

In a prior action, case no. 08-278, plaintiff asserted Title VII claims, and a violation of the Family Leave Medical Act "FMLA" against the defendants. Initially, Pitney sought dismissal of plaintiff's claims due to insufficiency of service.[1] By order dated July 7, 2008, plaintiff was directed to show cause why the relief sought should not be granted (doc. 13). Ultimately, by order dated August 6, 2008, plaintiff's claims against Pitney were dismissed without prejudice (doc. 18). Wright v. City of Las Vegas, Nevada, 395 F.Supp.2d 789 (S.D.Iowa 2005) (in the absence of proper service a federal court lacks jurisdiction over the party).

---

[1] Plaintiff improperly served her supervisor, Jodi K. Wallace, who was not authorized to accept service.

Sprint also moved for summary judgment in the prior case, and after permitting plaintiff additional time to respond, the motion was reviewed on the merits. The Title VII claims asserted against Sprint were dismissed for failure to exhaust administrative remedies, and upon a showing that Sprint was not plaintiff's employer, the FMLA claim was dismissed as well. Thus, summary judgment was granted in favor of Sprint. Based on the prior ruling, Sprint states that dismissal is also warranted in this case. I agree, and the claims filed against Sprint in the instant matter will be dismissed as well.

On October 20, 2009, plaintiff again sought leave to proceed in forma pauperis in the instant matter to assert a Title VII and FMLA claim against the defendants. By order dated November 3, 2009 (doc. 4), leave was provisionally granted on the limited FMLA claim against Pitney. Once again, however, plaintiff has failed to effect proper service. As to both defendants, plaintiff has improperly served Sprint's counsel, Bridget Romero. Pitney has submitted the affidavit of its assistant general counsel, Marnie W. Zebrak, who avers that CT Corporation is Pitney's registered agent in Missouri authorized to accept service. Consequently, Pitney's motion to dismiss due to insufficiency of service will be granted.

Accordingly, it is hereby

ORDERED that the motion of Pitney Bowes to dismiss (ECF doc. 9) is GRANTED as to the FMLA claim without prejudice for leave to re-file in the event proper service is not effected within fourteen days from the date of this order. It is further

ORDERED that the motion of Sprint to dismiss (ECF doc. 12) is GRANTED with prejudice. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail and certified mail, return receipt to plaintiff at:

3457 Holmes # 103

Kansas City, Mo. 64109

            /s/ Howard F. Sachs
            HOWARD F. SACHS
            UNITED STATES DISTRICT JUDGE

January  15 , 2010

Kansas City, Missouri